**Ralph BASKETT, Appellant,**

v.

**CITY OF RADCLIFF, Appellee.**

Court of Appeals of Kentucky.

May 9, 1986.

T. Steven Bland, Hardin Co. Atty., Elizabethtown, for appellant.

R. Terry Bennett, Radcliff, for appellee.

Before COOPER, McDONALD and DUNN, JJ.

DUNN, Judge.

This is an appeal from a judgment of the Hardin Circuit Court in a declaratory judgment proceeding regarding the interpretation of KRS 24A.175(7) and KRS 64.092(7), which authorize the payment to sheriffs of a portion of each court cost collected as compensation for bailiff and other services. In short, the trial court determined that the fee established in those statutes is also payable to other individuals responsible for those same services to a court. We affirm.

The parties have stipulated as to the facts which we limit to those necessary to allow for meaningful appellate review and intelligent understanding of this opinion.

On September 25, 1984, appellee, City of Radcliff, filed this declaratory judgment action in the Hardin Circuit Court for purposes of obtaining a determination that it was entitled to receive various funds currently held by David Owsley, Clerk of the Hardin Circuit Court, pursuant to KRS 24A.175(7) and KRS 64.092(7). In pertinent part KRS 24A.175 provides simply that:

> (7) The circuit clerk shall monthly pay five dollars ($5) from each court cost collected pursuant to subsection (1) of this section to the sheriff for use by the sheriff for providing security services and related activities to the court as provided for in KRS 64.092.

KRS 64.092 titularly provides: "Compensation of sheriffs and *other law enforcement officers* or agencies for attending court and providing security services—Rates.—" (Emphasis added). Subparagraphs (1) thru (6) provide for the sheriffs or *other officers* being assigned and their duties and manner of computation of time and determination of compensation. Subparagraph (7), however, refers only to the sheriff in providing in pertinent part as follows:

> The sheriff shall receive five dollars ($5) from each court cost collected ... to help defray the cost of providing security services and related activities to the court.

Contrary to this language limiting the payment of those fees to sheriffs only, appellee city maintains that appellant Ralph Baskett, Sheriff of Hardin County, should not receive the funds collected as a result of cases tried before the Radcliff Division of the Hardin District Court due to the sheriff's failure to provide any of the services called for in KRS 64.092. Instead, appellee asserts that members of its own police force had been responsible for those duties, thereby entitling it to those monies pursuant to KRS 24A.175(7) and KRS 64.-092(7).

On July 18, 1985, the Hardin Circuit Court rendered its Findings of Fact, Conclusions of Law, and Judgment in which it

determined that appellee city was indeed the proper party to receive the funds held by the circuit court clerk. In reaching that decision, the trial court relied on two separate conclusions of law, the first being that appellant Baskett could not maintain a claim to the money by virtue of his having failed to provide any of the required bailiff or other services. Based upon its reading of KRS 24A.175(7) and KRS 64.092(7) in conjunction with other statutes regarding the disposition of court costs and the compensation of police officers, the trial court then reasoned that appellee city, as the party which had actually provided such services, should be awarded the disputed funds. Appellant Baskett now seeks review of that judgment by this Court. We agree with the trial court's result.

■■■ We have examined both of the above propositions upon which the trial court grounded its decision to award the fees held by the Hardin Circuit Court Clerk to appellee city and agree that it was correct in its initial conclusion that they could not properly be paid to appellant Sheriff Baskett. Simply enough, KRS 64.410(2)(c) states that, "No officer shall demand or receive for his services ... [a]ny fee for services not actually rendered." In this case it is undisputed that appellant Baskett in his capacity as sheriff did not provide any of the services to the Radcliff Division of the Hardin District Court which would give rise to his entitlement to the fees established in KRS 24A.175(7) and KRS 64.092(7). Consequently, the trial court properly denied the sheriff's claim to the sums being held for such purposes by the Clerk of the Hardin Circuit Court.

■■■ We also agree with the trial court's second conclusion that appellee city was entitled to receive the disputed fees as compensation for its provision of security services to the Hardin District Court. Of the numerous statutes cited to us on this question, KRS 24A.140 is the most basic to our decision. Most importantly, subsections 2 and 4 of that statute stipulate that:

(2) The sheriff shall be compensated for these services in the same manner and at the same rates as for similar services rendered to the circuit court.

. . . .

(4) If ... the provision of services ... would place an undue burden ... the administrative office of the courts may arrange with any other law enforcement officer or agency in the commonwealth to provide such services. Compensation shall be as provided in subsection (2) of this section.

We conclude that subsection (4), immediately above, authorizes the district judge to use the services of the city police as bailiff to be compensated as in subsection (2) as in circuit court. This compensation is as provided in KRS 64.092, title to which is "compensation of sheriffs and other law enforcement officers ... for attending court...."

KRS 61.120 provides that payment for services not performed by "any officer ... shall be applied to the payment of the special officer who performs the duty of the officer so failing."

Interpreting these various statutory provisions in pari materia, we conclude, as did the trial court, the legislature did not intend an unjust, inequitable, and ridiculous result. The statutes considered together indicate a legislative intent to pay the person or agency performing the service, in this instance the police of the City of Radcliff.

We note that KRS 24A.140(3) is not applicable. Even though the district court is held in the Radcliff city building, it is state leased for that purpose, and subsection (1)(c) prohibits application of subsection (3).

Nevertheless, the judgment of the Hardin Circuit Court is AFFIRMED.

All concur.